# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0410V
Filed: April 12, 2019
UNPUBLISHED

| | |
|---|---|
| CHRISTINA MAJESTY and SETH FRUGE, legal representative of a minor child R.F., <br><br>　　　　　　Petitioner, <br><br>v. <br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>　　　　　　Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Jeremy Zivko Soso*, Lambert Firm, PLC, New Orleans, LA, for petitioner.
*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On March 31, 2016, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that R.F. suffered from intussusception as a result of receiving a rotavirus vaccine. Petition at 1. On June 7, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 49.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 4, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 53. Petitioner requests attorneys' fees in the amount of $18,757.50 and attorneys' costs in the amount of $15,403.60. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 59. Thus, the total amount requested is $34,161.10.

On January 30, 2019, respondent filed a response to petitioner's motion. ECF No. 54. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On February 6, 2019, petitioner filed a reply. ECF No. 56. Petitioner is in agreement with Respondent's response and requests approval of their application for attorney fees. *Id.* at 2.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel

2

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.   Discussion

Upon review of the billing records the undersigned reduces the request for attorney fees and costs due to excessive hourly rates, paralegal tasks, administrative charges, expert costs and copy charges.

### A.   Attorney Fees

#### i.   Hourly Rates

Petitioner requests compensation for attorney Jeremy Soso at the rate of $350 per hour for all time worked. Petitioner is requesting the rate of $275 per hour for attorney Morgan M. Embleton, an associate attorney in this case.

The undersigned finds the requested rates excessive based on their overall legal experience, the quality of work performed, and their lack of experience in the Vaccine Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

#### 1. Jeremy Z. Soso

Mr. Soso has been practicing law since 2008[3], which places him in the range of attorneys with 4-7 years' of experience in 2015 and the range of 8-10 years' experience from 2016 – 2018.  *Id* at 8.  Given Mr. Soso's inexperience in the Vaccine Program, a reduction of his requested rates is deemed appropriate.[4]  *See McCulloch*.  Mr. Soso's rate is based on their standard firm's billing rates which exceeds the appropriate experience ranges on the OSM Forum Hourly Rate Schedule.  ECF No. 53 Ex. 1.  Mr. Soso lacks the experience in the Vaccine Program to support the requested rate. Based

---

[3] Mr. Soso did not file an affidavit to support his hourly rate request. His bar admission date was obtained from the website, Avvo.  https://www.avvo.com/attorneys/70130-la-jeremy-soso-4350826.html

[4] Mr. Soso had one prior case in the Vaccine Program in which a request for attorney's fees was not filed. Davis v. Sec'y of Healh & Human Servs., No. 14-0276

on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Soso's requested hourly rate is reduced to the following:

>$300 per hour for work performed in 2015,
>$315 per hour for work performed in 2016,
>$330 per hour for work performed in 2017, and
>$345 per hour for work performed in 2018.

Therefore, the request for attorneys' fees is reduced by **$955.50**.[5]

### 2. Morgan Embleton

As with his own hourly rate, Mr. Soso only submitted the standard hourly firm fee schedule to support attorney Morgan Embleton's hourly rate of $275.00. Ms. Embleton has been licensed in the state Louisiana since 2014 which places her in the range of attorneys with under 4 years of experience through the duration of this case. Given that Ms. Embleton only assisted with this case and is not barred in the Court of Federal Claims, a reduction of the requested rate is deemed appropriate. *See McCulloch*, 2015 WL 5634323, at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Ms. Embleton's hourly rates are reduced to the following:

>$175 per hour for work performed in 2015
>$195 per hour for work performed in 2016, and
>$210 per hour for work performed in 2018.

Therefore, the request for attorneys' fees is reduced by **$1,594.50**.[6]

### ii.    Paralegal Tasks

Upon review of the billing records submitted, several tasks are bellied at the attorney rate for tasks considered paralegal work. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task

---

[5] This amount consists of ($350 - $300 = $50 x 1.2 = $60) + ($350 - $315 = $35 x 16.8 = $588) + ($350 - $330 = $20 x 14.6 = $292) + ($350 - $345 = $5 x 3.1 = $15.50) = $955.50.

[6] This amount consists of ($275 - $175 = $100 x 2.6 = $260) + ($275 - $195 = $80 x 14 = $1,120) + ($275 - $210 = $65 x 3.3 = $214.50) = $1,594.50.

performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Examples of these entries include:

- January 4, 2016 (1.00 hrs) "Draft letter to Christina Majesty; Prepare retainer and Authorizations"
- February 1, 1, 2016 (0.20 hrs) "Ms. Embleton reviewed the filing requirements for the Fruge' Petition in preparation for filing"
- September 26, 2016 (0.90) "Review Ultrasounds before Bates labeling; Download/extract images again bc images were not complete; bates label images"
- October 12, 2016 (0.30 hrs) "Bates label Affidavits in preparation for filing; edit notice of filing exhibits and exhibit list"

ECF No. 53-2 at 1-3.

The undersigned reduces the hourly rate on the entries that are considered paralegal to $135.00 per hour. This reduces the request for attorney's fees in the amount of **$144.00**.[7]

### iii. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.5 hours was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents. Examples of these entries include:

- December 16, 2015 (0.20 hrs) "Scan & Save Intake Notes:
- February 1, 2016 (0.40 hrs) "Ms. Embleton labeled and paginated all of the exhibits for the Fruge' Petition in preparation of filing
- September 16, 2016 (0.10 hrs) "Review and extract ultrasounds from disc; rename files"

ECF No. 53-2 at 1-2.

---

[7] This amount consists of the already reduced hourly rate of $195 - $135 = $60 x 2.4 hours = $144.00.

5

The undersigned reduces the request for attorney's fees by **$282.50**, the total amount of entries considered administrative.

### B. Attorney Costs

Petitioner requests compensation for attorneys' costs in the amount of $9,728.53. These costs include medical records, filing fees, and expert costs. ECF No. 53-4. The undersigned reduces the request for costs for the reasons listed below.

#### i. Copy Costs

Costs records indicated a total of 329 color copies were billed at $1.00 per page and 263 black & white copies at $0.30 per page, for a total charge of $407.90. *Id.* at 1-2. The rates of $1.00 and $0.30 per page are in excess of what is awarded for in-house printing. See *Fragoso v. Sec'y of Health & Human Servs.*, No. 08-236V, 2011 WL 300139 (Fed.Cl. Spec. Mstr. Jan. 6, 2011). The undersigned reduces the printing rates to $0.20 per page for in-house printing. This results in a reduction of **$289.50**.[8]

#### ii. Expert Costs

##### 1. Dr. Bernard M. Jaffe

Petitioner requests reimbursement for experts obtained in this matter. For Dr. Bernard M. Jaffe, the invoice submitted is for 7 hours at a rate of $450 per hour for a total of $3,150.00. The undersigned finds the hourly rate and overall amount reasonable and awards the amount regarding Dr. Jaffe, in full.

##### 2. Dr. Daniel K. Benjamin, Jr.

The invoice submitted for services performed by Dr. Daniel K. Benjamin, Jr., is for a total of $9,815.00, which consists of 15.1 hours at $650.00 per hour with the brief description of "Review of case, discussion with attorney, report". *Id.* at 4. This rate is higher than is typically awarded in the Vaccine Program which has consistently declined to award more than $500.00 per hour to expert witnesses. See *Green v. Sec'y of Health & Human Servs.*, No. 15-1447V, 2017 WL 6336776, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2017); *Rosof v. Sec'y of Health & Human Servs.*, No. 14-766V, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017) (noting that "in the Vaccine Program, even the payment of $500.00 per hour is rare.") The undersigned reduces the rate for Dr. Benjamin to the rate of $500.00 per hour. This results in a reduction of requested attorney costs in the amount of **$2,265.00**.[9]

---

[8] This amount consists of $407.90 - $118.40 (592 pages at $0.20 per page) = $289.50.

[9] This amount consists of $650 - $500 = $150 x 15.1 = $2,265.00.

### III.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**<u>Attorneys' Fees:</u>**

| | |
|---|---|
| Total Requested: | $18,757.50 |
| Less Jeremy Z. Soso Adjustment: | -    955.50 |
| Less Morgan M. Embleton Adjustment: | - 1,594.50 |
| Less Paralegal Rate Adjustment: | -    124.00 |
| Less Administrative Time: | -    250.00 |
| Total Fees Awarded: | $15,833.50 |

**<u>Attorneys' Costs:</u>**

| | |
|---|---|
| Total Requested: | $15,403.60 |
| Less Printing Per Page Rate: | -    289.50 |
| Less Dr. Benjamin Adjustment: | - 2,265.00 |
| Total Costs Awarded | $12,849.10 |

**Total Attorneys' Fees and Costs Awarded:       $28,682.60**

**Accordingly, the undersigned awards the total of $28,682.60[10] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jeremy Z. Soso.**

The clerk of the court shall enter judgment in accordance herewith.[11]

---

[10] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
